UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FLORENTINO GERMAIN, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. 06-11073-JLT |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

ORDER

July 23, 2007

TAURO, J.

On June 19, 2006, Florentino Germain ("Petitioner") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. This court denied Petitioner's motion on May 9, 2007. Presently at issue is Petitioner's Motion for Certificate of Appealability [#19] ("COA") filed on July 9, 2007. For the following reasons, Petitioner's Motion is DENIED.

The standard for granting a COA is well established. Such relief should only be granted upon a "substantial showing" of a constitutional violation.[1] The definition of what constitutes a "substantial showing" is straightforward. Where the district court has rejected the original petition on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the

---

[1] Slack v. McDaniel, 529 U.S. 473, 483 (2000).

district court's assessment of the constitutional claims debatable or wrong."[2]

After reviewing Petitioner's submissions, and the record, this court concludes that Petitioner fails to satisfy the abovementioned standard. Petitioner seeks a Certificate of Appealability because his plea agreement did not inform him that he might be found a career criminal. But this claim is procedurally barred because Petitioner failed to raise this ground on his direct appeal.[3] Nor does Plaintiff provide any explanation for his failure to raise this issue which might qualify as an exception to procedural default. Petitioner has not shown that there was cause for the procedural default, or claimed that he is actually innocent.[4] Reasonable jurists would not find this issue debatable. This court finds no basis for granting a COA in the present case. The motion is DENIED.

    /s/ Joseph L. Tauro
    United States District Judge

---

[2] Id. at 484.

[3] "If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted." Oakes v. United States, 400 F.3d 92, 95 (1st Cir. 2005).

[4] See Bousley v. United States, 523 U.S. 614, 621 (1998).